# UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                      Docket No. 3:08-cr-433-J-34HTS

PHILLIP G. MCKNIGHT

### DEFENDANT'S RESPONSE AND OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

COMES NOW Defendant, Phillip G. McKnight, by and through his undersigned attorney, and files this, the Defendant's Response and Objections to Presentence Investigation Report, and in support thereof would state as follows:

**A. THE OFFENSE**

<u>Charges and Convictions</u>

1. The Defendant has no objection to paragraphs 1 through 5 of the Presentence Investigation Report (PSR).

<u>Offense Conduct</u>

2. The Defendant has no objection to paragraphs 6 through 13 of the PSR.

<u>Custody Status</u>

3. The Defendant has no objection to paragraphs 14 through 18 of the PSR.

<u>Victim Impact</u>

4. The Defendant has no objection to paragraph 19 of the PSR.

<u>Adjustment for Obstruction</u>

5. The Defendant has no objection to paragraph 20 of the PSR.

1

Adjustment for Acceptance of Responsibility

6. The Defendant objects to the statements contained in paragraph 21 of the PSR in that the Defendant is alleged to have not accepted responsibility for his behavior. In support of this claim, the PSR points to the Defendant's "use of cocaine and marijuana while on bond". The PSR further alleges that these actions "necessitated that he associate with others engaged in criminal behavior and essentially commit a new law violation by possessing the illegal drugs". Additionally, the PSR states that the Defendant attempted to "deceive" this Honorable Court by using a device to hide what would result in a positive test for narcotics.

7. The Defendant states his objection upon the grounds that the Defendant has in fact accepted responsibility, as contemplated by U.S.S.G. §3E1.1(a), for the actions necessitating the matter before the Court. Indeed the Defendant truthfully admitted the conduct comprising the offense. Subsequently the Defendant did in fact test positive for narcotics while on bond. He also admitted use of a device in providing a test sample. However these were not the actions of an individual who has failed to accept responsibility for his guilt and offense behavior. Rather these were the actions of an individual who is admittedly addicted to narcotics. Mr. McKnight is an addict. It is this addiction that is the underlying cause of the behavior cited in the PSR as illustrative of his failure to accept responsibility. It was not his desire to continue in illegal conduct in direct conflict with the terms of his bond or the demands of this Court. It was, instead, the powerful need to appease the demons of addiction that drove Mr. McKnight to consume narcotics.

8. Mr. McKnight has not been accused of continuing in the relevant conduct that originally placed him before this Honorable Court. For one's actions to be considered "relevant conduct" the actions must be "part of the same course of conduct or common scheme or plan as the offense of conviction". U.S.S.G. §1B1.3(a)(2). Mr. McKnight's conduct while on bond can not be remotely related to his original offense. Rather his actions are wholly separate and distinguishable from the original offense. As this is the case the Defendant prays the Court find that he has accepted responsibility for his actions and therefore worthy of a two (2) level decrease in his offense level pursuant to U.S.S.G. §3E1.1(a). While, admittedly, the law is well settled that there need be no correlation between the original charges and any subsequent acts which lead to a revocation of one's bond, it is also well settled that the Court, in its discretion, may determine that responsibility has been accepted and determine that a decrease in the Defendant's offense level is warranted.

<u>Offense Level Computation</u>

9. The Defendant has no objection to paragraphs 22 through 28 of the PSR.

10. The Defendant objects to the statements contained in paragraph 29 of the PSR, in that the Defendant states that he has demonstrated a recognition and affirmative acceptance of personal responsibility for his offense as contemplated by U.S.S.G. §3E1.1(a).

11. As stated above, the Defendant's conduct was not relevant to the original offense for which he has freely and voluntarily entered a plea of guilty. Further, the Defendant voluntarily waived prosecution by indictment. Additionally, the Defendant freely admitted culpability to the offenses alleged and entered his plea without putting

the United States to its burden of proof by demanding a trial and requiring the expenditure of the time, efforts and resources of the United States Attorney's office and this Honorable Court. It is for these reasons that the Defendant objects to the findings in paragraph 29 of the PSR and prays this Court find the Defendant worthy of a two (2) offense level decrease as it pertains to the federal sentencing guidelines.

12. The Defendant objects to the statements contained in paragraph 30 of the PSR and requests that the Total Offense Level stated therein be reduced by two (2) offense levels, pursuant to U.S.S.G. §3E1.1(a), due to the clear demonstration of acceptance of responsibility by the Defendant as above stated.

**PART B. THE DEFENDANT'S CRIMINAL HISTORY**

<u>Criminal Convictions</u>

13. The Defendant has no objection to the paragraphs contained under Part B of the PSR.

**PART C. OFFENDER CHARACTERISTICS**

14. The Defendant has no objection to the paragraphs contained under Part C of the PSR.

**PART D. SENTENCING OPTIONS**

<u>Custody</u>

15. The Defendant has no objection to paragraph 69 of the PSR.

16. The Defendant objects to the statements contained in paragraph 70 of the PSR in that the Defendant prays that the total offense level be reduced by two (2) for his acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a) and his guideline imprisonment range be adjusted accordingly.

17. The Defendant states no other objections under Part D of the PSR other than to state that any provisions applicable to a sentencing guideline level of ten (10), as suggested by the PSR, be restated to reflect a reduction by an offense level of two (2) pursuant to U.S.S.G. §3E1.1(a).

**PART E. FACTORS THAT MAY WARRANT DEPARTURE**

18. The Defendant has no objection to the paragraph contained under Part E of the PSR.

**PART F. FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**

19. The Defendant has no objection to the paragraph contained under Part F of the PSR.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. First Class Mail/Hand Delivery/Facsimile to: **John McKay, Assistant United States Attorney,** 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202-4270, and **Ashley Coxwell, United States Probation Officer**, 300 North Hogan Street, Suite 6350, Jacksonville, Florida on this 6th day of May, 2009.

Respectfully Submitted,

By:   /S/ Michael C. Quimby
**MICHAEL C. QUIMBY** (#0015661)
**JOE HARRISON WADE II.** (#0035066)
**RONALD E. SHOLES, P.A**.
4981 Atlantic Blvd.
Jacksonville, Florida 32207
Ph:  904-721-7575/ Fax: 904-721-7474
Attorneys for Defendant